UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **Charlotte Marshall,** § | |
| § | |
| **Plaintiff,** § | |
| VS. § | **CIVIL ACTION NO. H-03-5862** |
| § | |
| **John E. Potter, Postmaster General,** § | |
| **United States Postal Service,** § | |
| § | |
| **Defendant.** § | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant's motion for summary judgment on Plaintiff's sexual harassment claim. After considering the parties' filings and oral arguments and the applicable law, the Court finds that Defendant's motion, Docket No. 28, should be and hereby is **GRANTED**. Plaintiff's sex discrimination claim is hereby **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.

## I.   BACKGROUND

Plaintiff Charlotte Marshall brings this suit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. She alleges that during her employment with the United States Postal Service, her supervisor, Anthony Indemaio, engaged in a pattern of discriminatory behavior and that, when she refused to tolerate his sexually inappropriate behavior, she was demoted. (*See* 1st Am. Compl. at 5-6.) Marshall filed a formal complaint with the Equal Employment Opportunity Commission on June 10, 1999. At the top of the complaint, she checked the boxes for race, sex, and national origin discrimination and for retaliation; in the body of the complaint, however, she provided a detailed allegation only of sexual harassment. (*See* Pl.'s Am. Resp. to Def.'s Mot. for

Summ. J., Ex. D, at 2-3 (explicitly alleging "sexual and nonsexual harassment" and "hostile work environment").)

At a hearing held in September 2002, Lead Administrative Judge Mona F. Read found that Marshall had failed to establish a *prima facie* case of race, sex, or national origin discrimination or retaliation. (Pl.'s Am. Resp. to Def.'s Mot. for Summ. J., Ex. C, at 18.) Read's final order authorized Marshall to file suit in federal district court. (Pl.'s Original Resp. to Def.'s Mot. for Summ. J., Ex. C, at 2.) Marshall then instituted this action, alleging sex discrimination. The Postal Service now moves for summary judgment.

## II.     ANALYSIS

### A.     Summary Judgment Standard

A motion for summary judgment under Federal Rule of Civil Procedure 56 requires the Court to determine whether the moving party is entitled to judgment as a matter of law based on the evidence thus far presented. *See* FED. R. CIV. P. 56(c). "Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Kee v. City of Rowlett*, 247 F.3d 206, 210 (5th Cir.), *cert. denied*, 534 U.S. 892 (2001) (internal quotation marks and citation omitted). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could enter a verdict for the non-moving party." *Crawford v. Formosa Plastics Corp.*, 234 F.3d 899, 902 (5th Cir. 2000). This Court must view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Id*.

### B. Exhaustion of Administrative Remedies

In this circuit, the flexible standard for exhaustion of Title VII claims is "limited . . . by the scope of the EEOC investigation that could reasonably be expected to grow out of the initial charges of discrimination." *Fine v. GAF Chemical Corp.*, 995 F.2d 576, 578 (5th Cir. 1993).  In her EEOC charge, Marshall checked the box for sex discrimination and detailed a complaint of sexual harassment.  Because sexual harassment is a species of sex discrimination, *see Cain v. Blackwell*, 246 F.3d 758, 760 (5th Cir. 2001), Marshall has properly exhausted her administrative remedies concerning a sex discrimination claim based upon allegations of sexual harassment.  She has, however, failed to exhaust her administrative remedies with regard to any other basis for a sex discrimination claim, since she provided no details in the body of her EEOC complaint that could reasonably have led to an investigation of a non-harassment claim.  *Compare Fine*, 995 F.2d at 578 (holding that an EEOC complaint alleging gender discrimination occurring in February 1990 could not give rise to a reasonable expectation that the EEOC would discover gender discrimination that occurred in October 1990).

Marshall concedes that she is not pursuing a sexual harassment claim in this Court.  (*See* Pl.'s Am. Resp. to Def.'s Mot. for Summ. J. at 8 ("Clearly, Plaintiff orally has abandoned any claim of sexual harassment that may exist . . . ."); *id.*, Ex. E, at 1 (Marshall Aff.) ("I would like to make known to the records [sic] that I am not claiming sexual haras[s]ment.").)  Because, therefore, Marshall has waived the only claim for which she has exhausted her administrative remedies, her sex discrimination claim is hereby **DISMISSED WITHOUT PREJUDICE** pending exhaustion, if possible, of administrative remedies for a non-harassment claim.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 16th day of November, 2005.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES
THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY
OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH
THEY MAY HAVE BEEN SENT ONE BY THE COURT.**